# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **R.G.-1 and R.G.-2**

**No. 19-0845** (Cabell County 18-JA-223 and 18-JA-224)


## MEMORANDUM DECISION


Petitioner Mother D.B., by counsel Jason Goad, appeals the Circuit Court of Cabell County's August 23, 2019, order terminating her parental rights to R.G.-1 and R.G.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Shawn Bartram, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as R.G.-1 and R.G.-2, respectively, throughout this memorandum decision.

Lastly, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Pursuant to this rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before November 22, 2019. Petitioner, however, did not file a supplemental brief.

[2]Petitioner does not assign as error the termination of her parental rights.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, the DHHR filed a child abuse and neglect petition against the parents, alleging that their drug abuse impaired their parenting abilities. Specifically, the DHHR alleged that the parents abused methamphetamine and that petitioner was engaging in prostitution. During a walk-through of the home, a DHHR worker reported observing needles in the kitchen and burnt spoons in the bedroom the parents shared with R.G.-2.

According to the guardian, petitioner stipulated to the allegations of drug abuse and was adjudicated as an abusing parent. The circuit court granted petitioner a post-adjudicatory improvement period in December of 2018, which required that she regularly submit to drug screens and address her substance abuse. At a status hearing held in March of 2019, petitioner tested positive for methamphetamine. In June of 2019, the circuit court terminated petitioner's post-adjudicatory improvement period due to her failure to comply with services.

The circuit court held a dispositional hearing in July of 2019, during which petitioner testified that she did not have a drug problem, despite admitting that she abused methamphetamine as recently as one and a half months prior to the hearing. Petitioner also conceded that she had been kicked out of her first drug treatment program because she had been arrested and was unable to attend therapy sessions. Regarding the many drug screens she missed, petitioner claimed that she did not have a bus pass and was busy moving into a new apartment. However, petitioner admitted that she was able to take the bus to her new treatment facility. A DHHR worker testified that petitioner regularly missed services and only minimally participated in parenting and adult life skills classes. Indeed, petitioner had not submitted to a drug screen since March of 2019. Further, petitioner failed to maintain contact with the DHHR except to request a new bus pass. Based on the foregoing, the circuit court found there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the August 23, 2019, dispositional order terminating her parental rights that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[3]The father's parental rights were also terminated below. The permanency plan for R.G.-1 is guardianship by her great-grandmother and the permanency plan for R.G.-2 is adoption by her great-aunt.

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating, rather than extending, her post-adjudicatory improvement period. According to petitioner, she substantially complied with her improvement period and should have been granted an extension. We disagree.

Pursuant to West Virginia Code § 49-4-610(6), "[a] court may extend any improvement period . . . when the court finds that the respondent has substantially complied with the terms of the improvement period." In this case, the DHHR presented evidence that petitioner's participation in rehabilitative services was inadequate. Petitioner failed to attend parenting and adult life skills classes consistently and failed to participate in drug screening after March of 2019. Most importantly, petitioner admitted she had a substance abuse issue but failed to seek adequate treatment as required by the terms of her improvement period. Petitioner was suspended from her first treatment program after she was arrested and failed to participate in its services, and she admitted to abusing methamphetamine as recently as one and a half months prior to the dispositional hearing. As such, petitioner did not meet the statutory requirements necessary for the circuit court to grant her an extension of her post-adjudicatory improvement period. Because circuit courts "shall terminate any improvement period" when the parent "has failed to fully participate in the terms of the improvement period," the circuit court did not err in terminating petitioner's improvement period, rather than extending it, given the evidence of her noncompliance throughout the proceedings. *See* W. Va. Code § 49-4-610(7). Accordingly, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 23, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3